FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Oct 31 2024

KEVIN P. WEIMER, Clerk

By: Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AISHA NICHOLAS,<br><br>   Plaintiff <u>pro se</u>,<br><br>  v.<br><br>BRINKS INCORPORATED<br>*doing business as*<br>Onit Smart Home Inc.,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:24-CV-04918AT-WEJ |

## **<u>ORDER</u>**

This matter is before the Court on plaintiff's Motion to proceed <u>in forma pauperis</u> ("IFP") [1]. Upon review of the Motion, the Court **GRANTS** plaintiff's request to file this civil complaint [1-1] without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Because of plaintiff's IFP status, the undersigned must conduct a frivolity review of his claims against defendant to determine whether this action is subject to <u>sua sponte</u> dismissal. <u>See</u> 28 U.S.C. § 1915(e)(2). In light of the facts presented by plaintiff, the Court cannot

find that the instant action is entirely frivolous or malicious.[1]  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(1)(B) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief").[2]

For the reasons given,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(1), plaintiff's case is **ALLOWED TO PROCEED** as any other civil action.

The Clerk is hereby **DIRECTED** to send plaintiff the USM 285 form, summons, and the initial disclosures form.  Plaintiff is **DIRECTED** to complete

---

[1] The Complaint includes a Motion to Compel Arbitration.  Thus, the Court **DIRECTS** plaintiff to file the contract at issue on or before **November 25, 2024**.

[2] The undersigned makes no finding that plaintiff's claims would necessarily withstand a motion to dismiss, nor reaches any conclusions about possible defenses defendant may assert.  The undersigned is simply recommending that the claims be allowed to proceed, thus requiring a responsive pleading and/or motion.  See Marion v. Frontline Asset Strategies, LLC, No. 1:23-CV-05917-MLB-JCF, 2024 WL 3390525, at *2 (N.D. Ga. Feb. 13, 2024) ("Based on the liberality with which pro se complaints are handled, this court will allow this action to proceed.  This court makes no finding as to the ultimate merits of the case or whether it would survive a motion to dismiss . . .") (quoting Livingston v. City of Syracuse, No. 7:15-CV-475 GLS/ATB, 2015 WL 1897171, at *3 (N.D.N.Y. Apr. 27, 2015)).

the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint on or before **November 25, 2024** from the date of this Order to the Clerk of Court.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each defendant.  The service waiver package must include, for each defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 form(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each defendant.  Defendants have a duty to avoid unnecessary costs of serving the summons.  If a defendant fails to

comply with the request for waiver of service, that defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a defendant does not return the Waiver of Service form to the Clerk of Court within **THIRTY-FIVE (35) DAYS** following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and defendant advised of her current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**SO ORDERED**, this 31st day of October, 2024.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE